IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KILTON L. KITCHEN,

        Petitioner,

v.                           CIVIL ACTION NO.: 1:16cv169
                                     (Judge Keeley)

DAVID BALLARD, Warden,

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

On August 5, 2016, Kilton L. Kitchen ("Petitioner") filed a *pro se* petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. On August 8, 2016, the Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 5. On September 29, 2016, the Respondent was ordered to show cause as to why the petition should not be granted. ECF No. 9.

On November 14, 2016, the Respondent filed a Motion to Dismiss the petition for failure to exhaust state remedies. ECF No. 14. On November 14, 2016, a Roseboro Notice was issued. ECF No. 16. On March 10, 2017, the Petitioner filed a Reply in Opposition. ECF No. 28. On that same day, the Petitioner filed a Motion for Stay and Abeyance. ECF No. 29. On March 13, 2017, the Respondent filed a Response in Opposition [ECF No. 20], and on March 23, 2017, the Petitioner filed a Reply. ECF No. 31. This matter is now pending before the undersigned for a Report and Recommendation.

1

# I. PROCEDURAL HISTORY

## A. STATE COURT PROCEEDINGS

### 1. *Hampshire County Circuit Court Conviction*

On February 26, 2009, the Petitioner was indicted for murder and conspiracy to commit murder. ECF No. 14-1. Following a jury trial, the Petitioner was convicted of both counts and was sentenced on September 17, 2009, to a term of life, with mercy for the murder conviction and an indeterminate term of not less than one year nor more than five years for the conspiracy conviction. ECF No. 14-2 at 4. The trial court did not impose a fine and ordered that the sentences run consecutively. Id.

### 2. *Direct Appeal*

On April 14, 2010, the Petitioner filed a Petition for Appeal with the West Virginia Supreme Court of Appeals ("WVSCA"). ECF No. 14-6. In the appeal, he set forth two assignments of error: (1) there was insufficient evidence to support a conviction; and (2) the circuit court erred in denying his motion to view the crime scene. Id. at 9. The WVSCA refused the petition for direct appeal by order entered on September 9, 2010. ECF No. 14-5.

### 3. *State Habeas Corpus*

The Petitioner filed a Petition for Writ of Habeas Corpus under West Virginia Code § 53-4A-1 on August 29, 2011. ECF No. 14-2 at 2. Thereafter, a succession of lawyers were appointed to represent him. It would appear that the third attorney appointed, April Mallow, filed an amended petition on August 20, 2012. Subsequently,

on March 4, 2013, Ms. Mallow filed a supplement. On September 6, 2013, an Order was entered permitting Ms. Mallow to withdraw and appointing Jonie Nelson as counsel for Petitioner. Ms. Nelson filed a Second Supplemental Petition for Post-Conviction Relief on June 25, 2014. An omnibus hearing was conducted on February 18, 2015. On March 1, 2015, the Circuit Court entered an Order denying the Petitioner relief. The Order addressed the following claims: (1) prejudicial pretrial publicity in Hampshire County; (2) failure of counsel to take an appeal; (3) consecutive sentences for same transaction; (4) state's knowing use of perjured testimony by John Boyce; (5) ineffective assistance of counsel for failing to move for a change of venue due to prejudicial pretrial publicity; (6) ineffective assistance of counsel for failing to object to several instances of hearsay throughout the trial; (7) ineffective assistance of counsel for failing to object to the trial testimony of Ralph Bandy; (8) ineffective assistance of counsel for failing to object to the testimony of John Boyce; (9) ineffective assistance of counsel for failing to poll the jury after the guilty verdict was returned; (10) ineffective assistance of counsel for failing to move to sequester the jury; (11) ineffective assistance of counsel for failing to provide a competent appeal, by failing to cite any legal authority and failing to provide a legal argument in support of the two claims for appeal; (12) ineffective assistance of counsel for failing to object to errors by both the prosecutor and trial court; (13) excessiveness or denial of bail; (14) prosecutorial misconduct by interjecting his personal opinions about the credibility of witnesses, arguing facts outside of evidence, and giving his opinion about the guilt of Petitioner; (15) prosecutorial misconduct by failing to acknowledge the perjured testimony of John Boyce and the lack of

competency of John Boyce; (16) error by trial court in permitting the testimony of John Boyce, who was not competent to testify;  (17) error by trial court in instructing Petitioner not to show any emotion during the trial and not to shake his head in disagreement; (18) lack of sufficient evidence; more severe sentence than expected; (19) excessive sentences; and (20) irregularities in arrest.

### 4.  *Appeal to WVCSA of State Habeas Corpus Denial*

The Petitioner appealed the Circuit's ruling to the WVSCA. In his brief, filed by counsel, he asserted the following grounds for relief: (1) the circuit court erred by finding that John Boyce was competent to testify; (2) the circuit court erred by denying habeas relief when the Prosecuting Attorney interjected his personal beliefs about the credibility of the witnesses, interjected his personal belief about the credibility of defense witness, and argued facts outside of evidence; (3) the circuit court erred by denying habeas relief when the Prosecuting Attorney presented the testimony of John Boyce despite the inconsistent statements made by him; (4) the circuit court erred by denying habeas relief when the Prosecuting Attorney called a witness to testify whose testimony was based on hearsay; and (5) the Circuit court erred by denying habeas relief when trial counsel was ineffective for failing to object to the competency of John Boyce and failed to object to the prejudicial comments made by the Prosecuting Attorney.

The WVSCA found the Petitioner's assignments or error to be without merit and denied his requested relief.  In entering its decision, the WVSCA specifically noted that the Petitioner did not appeal all the claims raised in his habeas petition. Kitchen v. Ballard, No. 15-0463, 2016 WL 2970055, at *2 n.2 (W. Va. May 20, 2016) ("Petitioner's

appeal to this Court does not raise all of the claims raised in his petition.").

### 5. *Federal Habeas Petition*

In his pending petition, the Petitioner raises five grounds for relief, with multiple claims contained within each ground. In Ground One, the Petitioner asserts that his Fifth, Sixth and Fourteenth Amendment Rights were violated because he had ineffective trial counsel. The Petitioner identifies four sub-claims, alleging that his trial counsel failed to: (1) object to the testimony of Ralph Bandy; (2) object to the testimony of John Boyce; (3) object to the Prosecutor's "errors" as well as errors committed by the trial court; and (4) object to allegedly prejudicial statements made by the prosecutor.

In Ground Two, the Petitioner asserts that his Fifth, Sixth, and Fourteenth Amendment Rights were violated due to court errors for: (1) not "questioning the competency of John Boyce and by permitting the testimony of John Boyce;" (2) "by instructing the petitioner not to show any emotion during the trial and not to shake his head in his disagreement;" (3) "by giving the petitioner a more sever[e] sentence than expected . . . ." and (4) by denying Petitioner's motion to view the crime scene. ECF No. 1 at 5-6.

In Ground Three, the Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment Rights were violated when the State "[k]nowingly [u]sed [p]erjured testimony." Ecf No. 1 at 7. More specifically, he alleges that John Boyce provided false testimony and that the prosecutor permitted such false testimony. Id.

In Ground Four, the Petitioner alleges the same constitutional violations, but claims the violations arise from prosecutorial misconduct. ECF No. 1 at 8. As factual

support, he claims the prosecutor interjected his personal beliefs about witnesses; argued facts outside of the evidence; and improperly influenced the jury. Id. He also states that the prosecutor tampered with the medical examiner's report such that the medical examiner altered his conclusion as to the victim's cause of death from "undetermined" to "homicide." Id.

In Ground Five, the Petitioner alleges his Fifth, Sixth and Fourteenth Amendment Rights were violated because there was insufficient evidence to convict him. He represents that such a claim is not cognizable on direct appeal. However, the Petitioner, in fact, raised this issue on direct appeal of his conviction.

## II. STANDARD OF REVIEW

A motion to dismiss a § 2254 petition is treated as a Rule 12(c) motion for judgment on the pleadings. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); Red. R. Civ. P. 12(c). A court considering a motion for judgment on the pleadings under Rule 12(c) applies the same standard as when considering a motion to dismiss pursuant to Rule 12(b)(c). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). A court must accept all facts pleaded by the § 2254 petitioner as true and draw all reasonable factual inferences from those facts in the petitioner's favor. Walker, 589 F.3d at 139 (citing Edwards v. Cidt of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

If evidence outside the pleadings is tendered to and accepted by the Court, the motion for judgment on the pleadings is converted into a motion for summary judgment under Rule 56, with one important exception. Burbach, 278 F.3d at 406 (citing A.S. Abell Co. v. Baltimore Typographical Union, 338 F.2d 190, 193 (4th Cir. 1964)); Fed. R.

6

Civ. P. 12(d). The motion is not converted into a summary judgment motion if the Court considers documents and facts of which it may take judicial notice. Id. (citing R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006)). The Court may take judicial notice of certain facts which are not subject to reasonable dispute, Fed. R. Evid. 201, and of the existence and contents of various types of official documents and records. Id. (citing Lovelace v. Software Spectrum, 78 F.3d 1015, 1018 (5th Cir. 1996) (documents filed with governmental agencies); Anderson v. FDIC, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (records of bankruptcy court); Bratcher v. Pharm. Prod. De., Inc., 545 F.Supp.2d 533 n. 3 (W.D.N.C. 2008) (EEOC complaints and right-to-sue notices)). Noting no objection from Petitioner to the truth of the state court record, the undersigned takes judicial notice of the various court filings offered in support of Respondent's Motion to Dismiss and Petitioner's responses.

### III.    ANALYSIS

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b).  Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989).  Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's

claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A petition for writ of habeas corpus filed under the original jurisdiction of the SCAWV that is denied with prejudice following a determination on the merits will also exhaust the petitioner's state court remedies. See Moore, 621 F.Supp. At 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990) (*abrogated on other grounds*, Trest v. Cain, 522 U.S. 87 (1997*)).* A federal court may only consider those issues the petitioner presented to

the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies.  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id.

In this particular case, the Respondent alleges, and the Petitioner does not contest, that at least seven claims raised in his federal habeas petition have not been presented to the West Virginia Supreme Court. In particular, the Respondent alleges that the following claims presented in the §2254 petition have not been fairly presented to the WVSCA:

1. Petitioner's counsel was ineffective for not objecting to Ralph Brandy's testimony;

2. Petitioner's counsel was ineffective for not objecting to "errors committed by the trial court;

3. The trial court created constitutional error for not "questioning the competency of John Boyce and by permitting the testimony of John Boyce;

4. The trial court created constitutional error by instructing the petitioner not to

---
[1] Picard v. Connor, 404 U.S. 270 (1971).

show any emotion during the trial and not to shake his head in his disagreement;

5. The trial court created constitutional error by giving the petitioner a more severe sentence than expected;

6. The State knowingly used perjured testimony; and

7. The prosecutor tampered with the medical examiner's report such that the medical examiner altered his conclusion as to the victim's cause of death from undetermined to homicide.

The undersigned agrees that these claims have not been fully exhausted, and the Petitioner has submitted a mixed petition; one containing both exhausted and unexhausted claims.

In Rose v. Lundy, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, AEDPA[2] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court.

Having concluded that Petitioner has presented both exhausted and unexhausted claims, the undersigned turns to his motion for stay and abeyance and whether the same is appropriate in this case. As established by the United States Supreme Court, stay and abeyance is only appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhine v. Weber, 544 U.S. 269, 277-78 (2005).

In Rhines, the Supreme Court provided little guidance as to what constitutes good cause in the context of stay and abeyance. See Rhines, 544 U.S. at 279 (Stevens, J., concurring) ("[G]ood cause for failing to exhaust state remedies more promptly . . . is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (internal markings and citation omitted). In addition, the lower courts differ on how stringently to define good cause in the context of stay and abeyance. See Provencio v. Chrones, No. 06-1670, 2007 WL 1299967, at *2-*6 (S.D. Cal. Apr. 30, 2007) (collecting cases containing various definitions for good cause standard); Williams v. Hurley, No. 2:05-cv-985, 2006 WL 1650771, at 10 (S.D. Ohio

June 6, 2006) (report and recommendation discussing various definitions applied and noting that some courts have adopted standard for cause applicable to procedural default while other courts have declined to do so); compare Landeck v. Allen, No. 3:14cv-88, 2014 WL 5410630, at *4 (E.D. Va. Oct. 22, 2014) (recognizing that standard should not be "inordinately demanding") with Wooten v. Kirkland, 540 F3d 1019, 1024 (9th Cir. 2008) (declining to adopt "broad interpretation" of good cause because such interpretation would undermine goals of ADEPA). Consequently, federal courts have also disagreed as to what constitutes good cause in the stay analysis. Compare Long v. Ballard, No. 2:13cv26, 2013 WL 6858415, at 6 (N.D.W.Va. Dec. 30, 2013) (finding that good cause did not exist to grant stay where petitioner argued that any subsequent federal habeas petition would be time barred), with Smith v. Wolfe, No. PJM-10-2007, 2011 WL 4548315, at 6 (D. Md. Sept. 27, 2011) (granting stay rather than dismissing without prejudice where any subsequent federal habeas petition would be time barred), and Murray v. Perry, No. 3:06-cv-51, 2007 WL 601494, at 5 (N.D.W.Va. Feb. 22, 2007) (magistrate judge recommending stay where any subsequent federal habeas petition would be time barred) (subsequently dismissed as moot due to Murray's death), and Clement v. Blair, No. 06-00351, 2007 WL 57782, at 3 (D. Haw. Jan. 5, 2007) (recognizing that "impending expiration of [AEDPA's] statute of limitations does constitute good cause."); compare Newman v. Lempke, No. 13-cv-531, 2014 WL 4923584, at 3 (W.D.N.Y. Sept. 30, 2014) (recognizing ignorance or confusion about law may constitute good cause), and Provencio, 2017 WL 1299967, at 5 (report and recommendation finding that ignorance of law and reasonable confusions as to whether

state habeas petition would be timely satisfied good cause standard), and Riner v. Crawford, 415 F.Supp.2d 1207, 1211 (D. Nev. 2006) (holding that good cause exists where petitioner can "show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control"), with Jackson v. Baenen, No. 12-cv-00554, 2012 WL 5988414, at 2 (E.D. Wis. Nov. 29, 2012) (holding ignorance of law does not constitute good cause), and McIntyre v. Quarterman, No. 3-09-cv-0574, 2009 WL 1563516, at 3 (N.D. Tex. June 2, 2009) (same); compare Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (holding ineffective assistance of counsel during state habeas proceedings may constitute good cause for stay), and Rhines v. Weber, 408 F.Supp.2d 844, 849 (D.S.D. 2005) (same), with Edwards v. Thaler, No. 3:10-cv-0006-M, 2011 WL 4056299, at 2 (N.D. Tex. Aug. 15, 2011) (finding that ineffective assistance of state habeas counsel did not support finding of good cause for stay), report and recommendation adopted by 2011 WL 4074330 (N.D. Tex. Sept. 12, 2011), and Carter v. Friel, 415 F.Supp.2d 1314, 1317-18 (D. Utah 2006) (recognizing split of authority as to whether ineffective assistance of post-conviction counsel constitutes good cause and concluding that it does not).

    In his motion for stay and abeyance, the Petitioner alleges that he had problems with his habeas counsel almost from day one, but the Circuit Court would not allow substitute counsel. In addition, the Petitioner alleges that counsel failed to submit grounds to the Circuit Court that he spoke to her about such ineffective assistance of trial counsel in plea negotiations and jury misconduct. With respect to his habeas

appeal, the Petitioner indicates that he requested habeas counsel to make sure all grounds were added to the appeal, but she only submitted a few but told him that the Supreme Court would look at all the issues raised in the habeas petition. Accordingly, he maintains that he thought all grounds were to be considered by the Supreme Court. The Petitioner also notes that he thought he only had 3-5 days remaining to file his §2254 under ADEPA's time limitation. Finally, he avers that there were no intentional dilatory tactics on his part, and his unexhausted claims have merit. In response, the Respondent argues that Petitioner could have filed another habeas petition in state court at any point after his second appeal was denied, and his state habeas petition could have been filed months ago had he been diligent in pursuing his remedies. In addition, the Respondent notes that a properly filed state habeas petition tolls AEDPA's period of limitations, and accordingly, had Petitioner filed a second state habeas petition rather than a mixed §2254 petition, the filing would have tolled AEDPA's statute of limitations. With these arguments in mind, the undersigned now turns to an analysis of whether good cause exists for granting a stay and abeyance.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the Latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

In the instant case, the Petitioner's conviction became final on December 8,

2010, when the time for filing a petition for certiorari expired.[3] Two hundred sixty-four days elapsed before the Petitioner filed his state habeas petition on August 29, 2011. The Circuit Court denied his habeas petition on March 1, 2015, and the WVSCA denied his appeal on May 20, 2016, and his one year period began running again.[4] The Petitioner filed his § 2254 on August 5, 2016, at which point another 75 days had expired, bringing the total expired days to 339. Therefore, while the instant petition was timely when it was filed, the United States Supreme Court has held that "§2244(b)(2) does not toll the limitations period during the pendency of a federal habeas petition." Duncan v. Walker, 533 U.S, 167 (2001). Therefore, because this matter has been pending almost a year, and will not be final until the District Judge rules on this matter, a dismissal and subsequent habeas petition would be untimely.

The undersigned finds that any confusion on the Petitioner's part as to whether some of his claims had been properly exhausted is an appropriate factor to consider in determining whether he acted reasonably in filing for habeas relief prematurely with this Court. Moreover, the Petitioner has alleged that his state habeas counsel was ineffective in refraining from raising certain claims in Circuit Court and in his appeal to the WVSCA. As noted above, ineffective assistance of counsel during state habeas proceedings may in some cases constitute good cause for a stay. See Blake, 745 F.3d

---

[3] Pursuant to Rules 13.1 and 13.3 of the United States Supreme Court Rules, a request for further review of the Petitioner's conviction by petition for certiorari could have been file within the 90-day period following the denial of his direct appeal.

[4] The United Supreme Court has held that an application for state post-conviction review is not "pending" after the state court's post-conviction review is complete. Therefore, §2244(d)(2) does not toll the 1-year limitation period during the pendency of a petition for certiorari. See Lawrence v. Florida, 549 U.S. 327 (2007). By extension, this means that unlike a direct appeal, the statute of limitations is not tolled during the time in which a petitioner could seek a petition for certiorari.

at 983; Rhines, 408 F.Supp. at 849. Consequently, in light of the near certainty that the Petitioner's ability to obtain federal habeas relief will be denied if his petition is dismissed, the undersigned finds that good cause exists for his failure to exhaust his state court remedies before proceeding to this Court.

As for the second consideration in assessing the propriety of a stay, the Respondent has not argued, and the undersigned cannot conclude that the Petitioner's claims are plainly meritless. Having reviewed the § 2254 petition, many of the unexhausted claims relate to critical aspects of his conviction, including ineffective assistance of counsel.

Finally, with regard to the third element set forth in Rhines, there is no indication that the Petitioner has engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. In fact, it appears quite the opposite. The Petitioner appears to have been diligent in seeking relief from his convictions. He filed an appeal, and subsequently filed a *pro se* habeas petition before counsel was appointed to represent him. Furthermore, there is no indication that he failed to cooperate with counsel or prevented any of his habeas counsel from pursuing all claims which he believed were proper. Finally, within approximately 75 days of the WVSCA denying his habeas appeal, he sought federal habeas relief in this Court.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss for Failure to Exhaust [ECF No. 14 ] be **DENIED** and the Petitioner's Motion for a Stay and Abeyance [ECF No. 29] be **GRANTED**.

The undersigned further recommends that Petitioner be directed to: (1) file his state court claims within 30 days of this matter being stayed; (2) file quarterly reports beginning January 1, 2018, explaining the status of his unexhausted claims; and (3) file a Notice of Exhaustion within 30 days from the date his state court remedies have been fully exhausted. The Petitioner should be forewarned that failure to comply with any of these requirements will result in dismissal of his § 2254 petition.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984)

The Clerk is directed to provide a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, and to counsel of record via electronic means.

DATED: August 3, 2017

/s Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE