IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KILTON L. KITCHEN,**

      **Petitioner,**

v.       //    CIVIL ACTION NO. 1:16CV169
                               (Judge Keeley)

**DAVID BALLARD, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
DENYING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 14], AND
GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DKT. NO. 29]**

On August 5, 2016, the pro se petitioner, Kilton L. Kitchen ("Kitchen"), filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeaus Corpus by a Person in State Custody ("Petition") (Dkt. No. 1). In the Petition, Kitchen claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated during the course of his first-degree murder trial in the Circuit Court of Hampshire County, West Virginia. More particularly, he asserts grounds for relief regarding ineffective assistance of counsel, trial court error, perjured testimony, prosecutorial misconduct, and insufficient evidence. Id. at 4-8. The five grounds for relief are comprised of at least eleven discrete claims. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Kitchen's Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

Following referral, Magistrate Judge Aloi granted Kitchen's motion to proceed in forma pauperis (Dkt. No. 5) and directed the

**KITCHEN V. BALLARD**                                                                   **1:16CV169**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32], DENYING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 14], AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DKT. NO. 29]**

respondent, Warden David Ballard ("Ballard"), to show cause why the Petition should not be granted (Dkt. No. 9). After receiving an extension of time, Ballard moved to dismiss the Petition on November 14, 2016, arguing that Kitchen had failed to exhaust his state remedies (Dkt. No. 14). Although he conceded that a number of Kitchen's claims have been exhausted in state court, Ballard argued that at least seven of Kitchen's claims have not been presented to the Supreme Court of Appeals of West Virginia (Dkt. No. 15 at 9-11). Ballard therefore maintained that Kitchen had filed a mixed petition that must be dismissed. Id. at 9.

Kitchen requested and received two extensions of time in which to respond to Ballard's motion to dismiss (Dkt. Nos. 20; 23). Kitchen finally responded on March 10, 2017, at which time he moved for a stay and abeyance in order to fully exhaust each of his claims in state court (Dkt. Nos. 28; 29). In support, he averred that, when he filed his Petition, he believed all of his claims had been exhausted and that the time to pursue federal relief had nearly expired (Dkt. No. 29 at 2-3). Kitchen now realizes that his state habeas counsel made several material misrepresentations and omitted claims from both his state habeas petition and subsequent appeal. Id. at 3.

**KITCHEN V. BALLARD                                      1:16CV169**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32],
DENYING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 14], AND
GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DKT. NO. 29]**

In a Report and Recommendation ("R&R") entered on August 3, 2017, Magistrate Judge Aloi recommended that the Court deny Ballard's motion to dismiss and grant Kitchen's motion for a stay and abeyance (Dkt. No. 32). Following a review of Kitchen's state proceedings and the instant Petition, Magistrate Judge Aloi noted that Kitchen had not contested that he had filed a mixed petition, which would usually be dismissed without prejudice for failure to exhaust. Id. at 9-10. Nonetheless, he reasoned that Supreme Court precedent allows the district court to grant a stay and abeyance in limited circumstances when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 11. Finding that Kitchen had satisfied each of these elements, Magistrate Judge Aloi recommended that the Court grant a stay. Id. at 17.

The R&R also informed the parties of their right to file "written objections identifying those portions of the recommendation to which objections are made and the basis for such objections." Id. at 18. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Although Ballard received the R&R through the Court's electronic filing system, and

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32], DENYING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 14], AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DKT. NO. 29]**

Kitchen received it on August 8, 2017 (Dkt. No. 33), neither party has filed any objections to the recommendations.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because neither party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Therefore, upon review of the R&R and the record for clear error, the Court adopts the recommendation of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 32), and in conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 32);
2. **DENIES** Ballard's Motion to Dismiss for Failure to Exhaust (Dkt. No. 14);

**KITCHEN V. BALLARD**                                                1:16CV169

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 32], DENYING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 14], AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DKT. NO. 29]**

3. **GRANTS** Kitchen's Motion for a Stay and Abeyance (Dkt. No. 29);

4. **STAYS** the case; and

5. **DIRECTS** Kitchen to file his unexhausted claims in state court within 30 days of receipt of this Order; to file quarterly reports, beginning on January 1, 2018, explaining the status of his unexhausted claims; and to file a notice of exhaustion within 30 days from the date his state court remedies have been fully exhausted. Failure to comply with these requirements may result in dismissal of the Petition.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail and return receipt requested.

DATED: August 28, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE