IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KILTON L. KITCHEN,**

        Petitioner,

v.                                  **CIVIL ACTION NO. 1:16cv169**
                                                      Judge Kleeh

**DAVID BALLARD, Warden,**

        Respondent.

### REPORT AND RECOMMENDATION
### 28 U.S.C. § 2254

### I. Procedural History

On August 5, 2016, Kilton L. Kitchen ("the petitioner") filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas corpus by a Person in State Custody. [Doc.1]. In his petition, he raised five grounds, and each ground contained multiple claims for relief. On September 29, 2016, the respondent was ordered to show cause as to why the petition should not be granted. [Doc. 9].

On November 14, 2016, the respondent filed a Motion to Dismiss on the basis that the petition was a mixed petition with at least seven grounds proffered that had not been previously raised in his State post-convictions proceedings. [Docs.14, 15]. On November 14, 2016, a Roseboro Notice was issued. [Doc. 16]. On March 10, 2017, the petitioner filed a Reply in Opposition. [Doc. 28]. On that same day, the petitioner also filed a Motion for Stay and Abeyance. [Doc 29]. On March 13, 2017, the respondent filed a Response in Opposition [ECF No. 20], and on March 23, 2017, the petitioner filed a Reply. [Doc. 31]. On August 3, 2017, a Report and Recommendation was entered

which recommended that the respondent's Motion to Dismiss be denied, and the petitioner's Motion for Stay and abeyance be granted. [Doc. 32]. On August 8, 2017, the Report and Recommendation was adopted, and this matter was held in abeyance. [Doc. 34].

Thereafter, the petitioner returned to the Circuit Court of Harrison County where he filed his second state habeas corpus petition on October 26, 2017. The circuit court denied the petitioner's claims on the basis that they were meritless, barred by the doctrine of res judicata, or otherwise waived under State law because he had already received a complete round of State post-conviction proceedings. Kitchen v. Ames, No. 18-0554, 2019 WL 69998678 at *3 (.W. Va. Dec. 20, 2019) ("By order entered June 15, 2018, the circuit court determined a hearing was not necessary in that the claim that habeas counsel provided ineffective assistance was without merit. Accordingly, the Circuit Court found that the petition was barred by the doctrine of res judicata and denied relief."). The petitioner appealed to the Supreme Court of Appeals ("SCAWV"), which affirmed the decision of the circuit court. Kitchen, 2019 WL 6998678 at *3.

The petitioner then filed a motion in the instant § 2254 proceeding seeking leave to file a revised petition. [Doc. 68]. 0n May 28, 2020, the undersigned granted the petitioner's motion to file a revised 2254. [Doc. 71]. However, the order prohibited the petitioner from raising any grounds which were not included in his original § 2254. Id. at 2].

On June 30, 2020, the petitioner filed an "Amended Petition for a Writ of Habeas Corpus." [Doc. 74]. On August 11, 2020, the undersigned entered an order directing the respondent to file an answer or other responsive pleading, including relevant transcripts

and exhibits. [Doc. 76]. On November 9, 2020, the respondent filed an Answer to the Amended Petition, along with supporting exhibits. [Doc. 81]. On January 25, 2021, the petitioner filed a motion for an extension of time to file a reply. [Doc. 83]. On January 28, 2021, the petitioner filed a second Motion for Stay and Abeyance. [Doc. 84]. On February 24, 2021, the respondent filed a response in opposition.

## II. ANALYSIS

The purpose of staying a 2254 proceeding is to permit a petitioner to exhaust claims already presented in a federal habeas petition, but which have not been ruled upon by a State court in the first instance. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 3088 (2011); Boothe v. Ballard, No. 2:14-cv-25156, 2016 WL 1275054 at *14 (S.D.W. Va. 2016), aff'd, 670 F. App'x 193 (4th Cir. 2016). The petitioner has already been granted this relief. The State judiciary resolved those claims. The petitioner then asked this Court to resume his federal habeas proceeding, which it did, and the state answered the claims.

The petitioner now seeks a further stay of these proceedings so that he may attempt to develop entirely new claims, claims which were not raised in his 2254 petition. To grant this request would undermine the purpose of staying a proceeding in the first instance. As the United States Supreme Court has recognized, a "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005).

With respect to his second motion for stay and abeyance, the petitioner has presented no good cause for his failure to exhaust any additional claims he now wishes to pursue in State court. Rather, it appears that the petitioner's motion is premised on his position that because the State has filed its answer, he has new evidence and new claims he wants to raise. [Doc. 84]. However, permitting the petitioner to attempt to develop new claims undermines the purpose of staying and holding in abeyance a case on exhaustion principles. Cf. Rhines, 544 U.S. at 277 ("Stay and abeyance, if employed too frequently, has the potential to undermine [ADEPA"s] purposes. Staying a federal habeas petition frustrates ADEPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the Federal proceedings. It also undermines ADEPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition") (citing and quoting Duncan v. Walker, 533 U.S. 167, 180 (2001).

The basic principle is that the exhaustion doctrine is about exhausting claims raised in a 2254 proceeding. It is not about permitting a petitioner to create entirely new ones. Moreover, upon a review of the petitioner's motion, it appears he wishes to advance various claims that his habeas counsel was ineffective. However, the petitioner has already had a proceeding in which he advanced claims of this nature, and they were denied both in circuit court and on appeal. The petitioner cannot litigate such claims again because such claims are barred by the doctrine of *res judicata*. Finally, even claims failing outside such a framework are presumptively barred from further litigation in state court given the petitioner's extensive post-conviction proceedings. Kitchen v. Ames, 2019 WL 6998678 at *3 (finding all claims not previously raised by the

petitioner were barred by the doctrine of *res judicata*).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's Motion for Stay and Abeyance **[Doc. 84]** be **DENIED**. The undersigned further recommends that, in the event the Court adopts this Report and Recommendation, the petitioner's Motion For an Extension of Time to Reply to Response to Habeas Petition **[Doc. 83]** be **GRANTED**, and the petitioner be afforded 30 days from the date the Court enters any Order adopting the R&R in which to file his Reply.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to

the petitioner by certified mail, return receipt requested, and to counsel of record via electronic means.

Dated: 4/9/21

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE