**A IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg**

**KILTON L. KITCHEN,**

Petitiomer,

v. **CIVIL ACTION No. 1:16-CV-169**
Judge Bailey

**DONALD AMES,**

Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 88]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 9, 2021, wherein he recommends that petitioner's Motion for Stay and Abeyance [Doc. 84] be denied and petitioner's Motion For an Extension of Time to Reply to Response to Habeas Petition [Doc. 83] be granted, and given 30 days from the date of the entry of this Order. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

Petitioner filed an "Amended Petition for a Writ of Habeas Corpus" [Doc. 74] on June 30, 2020. On November 9, 2020, respondent filed an Answer to the Amended Petition, along with supporting exhibits. *See* [Doc. 81]. Petitioner filed a motion for an extension of time to file a reply [Doc. 83] and a second Motion for Stay and Abeyance [Doc. 84]. Respondent filed a response in opposition on February 24, 2021.

In petitioner's Motion for Stay and Abeyance, petitioner requests this Court to grant a stay and abeyance to allow him "to return to the Circuit Court of Hampshire County to adjudicate all the unexhausted grounds as well as the grounds the Habeas and Appellate Counsel failed and/or refused to submit." *See* [Doc. 84].

In petitioner's Motion for an extension of time to file a reply, petitioner requests this Court to enlarge the deadline to file a reply to respondent's response by sixty (60) days. *See* [Doc. 83].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections

where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 90] on April 19, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

### A. Objections to R&R

In the R&R, Magistrate Judge Mazzone found that petitioner was already granted the relief of a state judiciary resolving his claims. *See* [Doc. 88 at 3]. Magistrate Judge Mazzone also found that granting petitioner's request for a stay "would undermine the purpose of staying a proceeding in the first instance." *See* [Doc. 88 at 3]. The magistrate judge found that petitioner presented no good cause for his failure to exhaust any additional claims he now wishes to pursue in state court. *See* [Id. at 4].

Petitioner filed his objections on April 19, 2021. *See* [Doc. 90]. Therein, petitioner doesn't assert any objection, legal or otherwise, to Magistrate Judge Mazzone's R&R. Petitioner instead lays out law and asserts "that this Honorable Court will be satisfied with the arguments submitted." *See* [Doc. 90 at 3].

A party waives any objection to an R&R that lacks adequate specificity. *See* ***Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim

for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." ***Id.***; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner does not provide this Court with objections that are briefed or supported with legal authority. Petitioner's "objections" are more so a history of the case, what is contained in his writ of habeas corpus and some case law. Petitioner's objections are "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority" and are thus not sufficient. Upon review of petitioner's objections even when construing them with a deferential view benefitting the *pro se* litigant, plaintiff's objections must be overruled.

## IV. CONCLUSION

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, plaintiff's objections [**Doc. 90**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 88**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that petitioner's Motion for Stay and Abeyance **[Doc. 84**] is **DENIED** and petitioner's Motion For an Extension of Time to Reply to Response to Habeas Petition [**Doc. 83**] is **GRANTED**. Petitioner is afforded thirty (30) days from the date of entry of this Order. Therefore, petitioner's reply is due on or before **November 8, 2021**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October 7, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**